UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD BARTLETT and
CHRISTINA BARTLETT,
husband and wife,

    Plaintiffs,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No. 18-11508
District Judge Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

## ORDER GRANTING STATE AND UNION DEFENDANTS' MOTIONS TO DISMISS (Doc. #25)(Doc. #26)

### I.    INTRODUCTION

Howard Bartlett ("Bartlett"), a white male, filed this civil rights action against various state actors, and a breach of duty of fair representation action against his union, after he was fired from his job with the Michigan Department of Corrections ("MDOC"). For the reasons that follow, the Court **GRANTS** their motions to dismiss.

Bartlett brings a reverse race and sex discrimination claim, as well as a conspiracy claim, under 42 U.S.C. §§ 1983, 1985, and 1986 against Heidi Washington ("Washington"), Sherman Campbell ("Campbell"), and Sharon Opel ("Opel") (collectively, the "State Defendants"). Bartlett also filed a breach of duty of fair representation claim, as well as a conspiracy claim, against Scott Waggoner ("Waggoner"), Jeff Foldie ("Foldie"), William Badger ("Badger"), and Service Employees International Union, Local 26M ("Local 526M") (collectively, the "Union Defendants"). Howard's wife, Christina, sues for loss of consortium.

Both the State and Union Defendants move to dismiss Bartlett's second amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; the State Defendants move to dismiss Counts I, II, IV, and V, while the Union Defendants move to dismiss Counts II, III, IV, and V.

## II.     BACKGROUND

Bartlett was a corrections officer at the Gus Harrison Correctional Facility in Adrian, Michigan during the events giving rise to this litigation.

On June 28, 2017, Defendants Campbell and Opel informed Bartlett that he was being charged with MDOC rules violations; they alleged that Bartlett falsely documented prisoner pat-downs he had not conducted, in violation of Work Rules 27 (Dereliction of Duty), 38 (Reporting Requirements), and 47 (Falsifying, Altering, Destroying, Removing Documents). As of June 28, 2017, Bartlett had been with the MDOC for twenty-one years and had no prior disciplinary record.

At the July 7 disciplinary hearing, Bartlett admitted to the charge. He had worked the midnight shift on the evening in question; he now asserts that midnight shift officers were not required to perform 5 pat-down searches. On July 13, 2017, Campbell and Opel called Bartlett to inform him that he was being fired, effective immediately. Because he asserts that he was not required to perform five pat-downs, Bartlett says that he was fired without just cause, in violation of the applicable collective bargaining agreement.

Bartlett also says that, on June 28, an African American corrections officer was charged with the same rules violation; the African American corrections officer was also fired. Bartlett is a white male; he asserts that the state fired him to provide it with a

defense if this African American filed suit. Moreover, Bartlett says that female corrections officers at the Huron Valley Women's Correctional Facility were charged with identical rules violations; he claims they were not disciplined. Given these two assertions, Bartlett alleges that he was fired based on his race and sex, in violation of the Equal Protection Clause.

Finally, Bartlett says the Union Defendants breached their duty of fair representation by failing to provide him a well trained and qualified representative for his disciplinary hearing. He also says that the Union Defendants impermissibly failed to take his subsequently filed grievance to arbitration and ignored his requests for information about his appeal rights.

On August 9, 2018, Howard and Christina Bartlett filed their second amended complaint. The second amended complaint contains five counts: (I) 42 U.S.C. § 1983 claim of discrimination in violation of the Fourteenth Amendment's Equal Protection Clause; (II) 42 U.S.C. §§ 1985(3) and 1986 claim of conspiracy to deprive Bartlett of his constitutional rights; (III) breach of duty of fair representation; (IV) civil conspiracy; and (V) loss of consortium.

### III.  STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id*. This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations. *Id*. The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

### A. Bartlett has Insufficiently Pled Race and Sex Discrimination

Bartlett says the State Defendants arbitrarily treated him differently than similarly-situated employees by firing him, violating his constitutional rights under the Equal Protection Clause. In support of his claim, Bartlett alleges that his firing was based on his race; he says the State Defendants fired him—a white male—to provide a defense to a potential civil rights lawsuit arising out of their firing of an African American corrections officer. Bartlett also says he was fired based on his gender; he asserts that female corrections officers committed the same rules violations and received no discipline.

4

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must prove that: "(1) he was deprived of a right secured by the Constitution or federal laws; and (2) that the deprivation was committed by a person acting under color of state law." *Toth v. City of Toledo,* 480 F.App'x 827, 831-32 (6th Cir. 2012). "To succeed on a § 1983 claim of this kind, against a public employer for an equal protection violation, the plaintiff must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003) (quoting *Boger v. Wayne Cnty.*, 950 F.2d 316, 324-25 (6th Cir. 1991)). In analyzing this kind of claim, the Court must "rely on Title VII disparate treatment cases for guidance." *Id.* (citing *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000)).

To proceed on a claim of race-based discrimination under Title VII, a plaintiff must first "set forth a *prima facie* case, which gives rise to an inference of discrimination." *Id.* To establish a *prima facie* case, a plaintiff must prove that he or she: "(1) is a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was treated differently than similarly situated members outside the protected class." *Vitt v. City of Cincinnati*, 97 F.App'x 634, 639 (6th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Importantly, the Sixth Circuit added an additional component to the *McDonnell Douglas* framework in cases like Bartlett's, alleging reverse discrimination. "In adapting the test to cases of reverse discrimination, the Sixth Circuit has held that, under the first prong, plaintiff must demonstrate 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'"

5

*Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002) (quoting *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985)).

Bartlett's claims of reverse discrimination are insufficiently pled; his allegations cut against the requirements of the *McDonnell Douglas* framework.

First, Bartlett alleges that he was arbitrarily treated differently than similarly situated employees; he says he was fired to provide cover for the termination of an African American corrections officer. Bartlett's allegation disproves his claim; the firing of an African American corrections officer, based on the same rules violations that Bartlett committed, shows that a similarly situated employee who is outside the protected class—here, white men—was treated *the same*.

Second, with respect to Bartlett's allegation of reverse-sex discrimination, he fails to allege facts suggesting "background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti*, 314 F.3d at 255. While Bartlett does claim that female corrections officers committed the same rules violations as he and were not disciplined, he also cites to a discrimination lawsuit filed by the United States of America on behalf of the female corrections officers at the Huron Valley Women's Correctional Facility. This lawsuit tends to show that the State Defendants discriminate against the minority; at the very least, it does not constitute "background circumstances [to] support the suspicion that the defendant is that unusual employer that discriminates against the majority." Moreover, Bartlett fails to cite to anything else suggesting that the State Defendants discriminate against the majority—white male employees.

Bartlett has insufficiently pled claims of reverse race and sex discrimination under 42 U.S.C. § 1983. His claims are **DISMISSED**.

B. **Bartlett's "Class-of-One" Equal Protection Claim must be Dismissed**

His contrary factual allegations notwithstanding, Bartlett also says he does not believe he was fired based on his membership in a protected class but was arbitrarily treated differently than similarly situated employees. Bartlett says he is alleging discrimination under a "class-of-one" theory of equal protection. "The hallmark of [a 'class-of-one'] claim is . . . the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." *Aldridge v. City of Memphis*, 404 F.App'x 29, 42 (6th Cir. 2010). However, the United States Supreme Court held that "class-of-one" theories of equal protection are not recognized in the public employment context. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008).

Given the above, Bartlett's equal protection claims must be **DISMISSED**.

C. **Bartlett's Conspiracy Claims Under §§ 1985(3) and 1986 must be Dismissed**

Bartlett says the State Defendants conspired with the Union Defendants to fire him and violate his constitutional rights. Because Bartlett has insufficiently pled his underlying equal protection claim, his conspiracy claims must be dismissed.

To prove conspiracy under 42 U.S.C. § 1985(3), a plaintiff must prove "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills &*

*Dale Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Moreover, a plaintiff must establish that the conspiracy was "motivated by a class-based animus." *Id.*

Because § 1986 is "designed to punish those who aid and abet violations of § 1985," where there is no § 1985 violation, there can be no violation of § 1986. *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980).

As discussed earlier, Bartlett fails to plead more than bare assertions of legal conclusions with respect to his equal protection claims. Additionally, his assertion of a "class-of-one" equal protection theory cuts against § 1985's requirement that a plaintiff show a "class-based animus." As such, Bartlett's § 1985 allegation is insufficiently pled; this mandates dismissal of his § 1986 claim as well.

Bartlett's conspiracy claims under 42 U.S.C. §§ 1985 and 1986 are **DISMISSED**.

### D. Bartlett's Duty of Fair Representation Claim must be Dismissed

Bartlett says that the Union Defendants breached their duty of fair representation by providing him an inadequately trained hearing representative and ultimately failing to take his grievance to arbitration. Because Bartlett was a classified civil service employee for the State of Michigan and he failed to exhaust state administrative remedies, his claim must be dismissed.

As a corrections officer for the MDOC, Bartlett was a classified civil service employee for the State of Michigan. Article 11, § 5 of the Michigan Constitution grants the Civil Service Commission plenary and absolute authority to "regulate all conditions of employment in the classified service." Mich. Const. art. 11, §5; *see also Bonneville v. Michigan Corrections Organization*, 190 Mich.App. 473, 475 (1991) ("[p]laintiffs, as

employees of the Department of Corrections, are members of the state classified civil service. As such, the terms and conditions of plaintiffs' employment are regulated by the Civil Service Commission, which has plenary and absolute authority in that respect."). Importantly, the Civil Service Commission determines the procedure by which a grievance is reviewed. *Id.*

The Civil Service Commission approved an Employee Relations Policy, which provides that the union chosen as the exclusive bargaining representative has a duty of fair representation. *Id.* "A breach of that duty of fair representation is considered to be an unfair labor practice." *Id.* Moreover, "the commission has established an administrative procedure for the processing of complaints of unfair labor practice." *Id.* at 476. It is well established under Michigan law that "where an administrative grievance procedure is provided, exhaustion of that remedy, except where excused, is necessary before review by the courts." *Id.*

Bartlett admits that his claim against the Union Defendants is covered by the administrative scheme; he also admits that he failed to file an unfair labor practice charge with the Civil Service Commission. He claims, however, that he is excused from the exhaustion requirement because the Civil Service Commission allegedly could not provide him full relief, since his claims against the State Defendants fall outside the administrative scheme.

Contrary to Bartlett's claims, Michigan courts have held that "the mere fact that the Michigan Civil Service Commission cannot provide all of the relief requested does not dispense of the requirement that plaintiff exhaust his administrative remedies before the

circuit court acquires jurisdiction." *Jones v. Dept of Corrections*, 185 Mich.App. 134, 138 (1990) (citing *O'Keefe v. Dep't of Social Services*, 162 Mich.App. 498, 505-06 (1987)).

In *O'Keefe*, the Michigan Court of Appeals dismissed the plaintiffs' claims for breach of the duty of fair representation and violations of 42 U.S.C. § 1983, based on plaintiffs' failure to exhaust their administrative remedies. *O'Keefe*, 162 Mich.App. at 510. Indeed, the United States District Court for the Eastern District of Michigan had previously dismissed the plaintiffs' action without prejudice based on the availability of state court remedies under state law. *Id.* at 504.

The *O'Keefe* court's reasoning applies here. Bartlett was required to exhaust administrative remedies before filing a claim against the Union Defendants in this Court. Moreover, Bartlett has insufficiently pled that he was entitled to bypass the exhaustion requirement. Accordingly, Bartlett's claim of breach of the duty of fair representation is **DISMISSED**.

### E.  Bartlett's State Law Conspiracy Claim must be Dismissed

In Count IV of his complaint, Bartlett brings a civil conspiracy claim under Michigan law. Because his underlying federal claims have been dismissed under Rule 12(b)(6), the Court dismisses Bartlett's state law claim as well. "After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). "The presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims can be overcome in 'unusual circumstances.'" *Id.* (quoting *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 318 (6th Cir. 1987)). There are no unusual circumstances here. The state law conspiracy claim was only properly before

this Court because it forms part of the same "case or controversy" as the dismissed federal claims; as such, the Court declines Bartlett's request to exercise supplemental jurisdiction.

Bartlett's state law civil conspiracy claim is **DISMISSED**.

### F. Christina Bartlett's Loss of Consortium Claim is Dismissed

Finally, Christina Bartlett sues both the State and Union Defendants for loss of consortium. Christina says she suffered loss of consortium because of the violations alleged in Counts I through IV of the complaint. Because Howard Bartlett's claims in Counts I through IV have been dismissed, the Court also dismisses Christina's loss of consortium claim.

First, there can be no loss of consortium claim based on an alleged violation of 42 U.S.C. §§ 1983 and 1985. Indeed, the Sixth Circuit held that a § 1983 cause of action "is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)). This holding was based on the language of the statute, which makes a person who violates the Act liable "to the 'party injured.'" *Hall v. Wooten*, 506 F.2d 564, 566 (6th Cir. 1974). 42 U.S.C. § 1985 contains similar language. "[T]he party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

Most importantly, and as discussed above, "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." *Musson*, 89 F.3d at 1255 (6th Cir. 1996). Christina Bartlett's loss of consortium claim is a state law claim

that is only before this Court because of her husband's federal claims. Because the Court dismisses his claims, it declines to exercise supplemental jurisdiction over Christina Bartlett's loss of consortium claim.

Christina Bartlett's loss of consortium claim is **DISMISSED**.

## V.     CONCLUSION

Howard and Christina Bartlett's allegations fail to satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*; moreover, their state law claims cannot survive dismissal of the federal claims.

The Court **GRANTS** both the State and Union Defendants' motions to dismiss. Howard and Christina Bartlett's second amended complaint is **DISMISSED** in its entirety.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 2/25/19